UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America | **Protective Order** |
| v. | 20 Cr. 575 |
| Fred Mastroianni | |
| Defendant. | |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendant having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy, confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sensitive Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "sensitive disclosure material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, could

be subject to risk of harm absent the protective considerations set forth herein. The Government's designation of material as sensitive disclosure material will be controlling absent contrary order of the Court.

      3. **Facilitation of Discovery.**  The entry of a protective order in this case will permit the Government to produce expeditiously the Disclosure Material without further litigation.  It will also afford the defense prompt access to those materials, which will facilitate the preparation of the defense.

      4. **Good Cause.**  There is good cause for entry of the protective order set forth herein.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

      1. Disclosure material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action.  The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

      2. Disclosure material that is not sensitive disclosure material may be disclosed by counsel to:

          (a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

          (b) Prospective witnesses for purposes of defending this action.

      3. Sensitive Disclosure Material shall be maintained in a safe and secure manner solely by Defense Counsel.  Sensitive Disclosure Material, including any copies thereof or excerpts

therefrom, or any information contained therein, shall not be possessed by or disclosed to the Defendant, but may be disclosed by Defense Counsel only to (a) any paralegal, investigator, or legal assistant employed or contracted by Defense Counsel ("Defense Staff"); (b) any expert, advisor, or any other individual retained or employed by the Defendant and Defense Counsel for the purpose of assisting in the defense of this case ("Defense Experts/Advisors"); or (c) such other persons as hereafter may be authorized by Order of the Court ("Other Authorized Persons," and, collectively with Defense Staff, Defense Experts/Advisors, and Other Authorized Persons, "Designated Persons"). Defense Counsel shall provide a copy of this Order to any Designated Persons to whom they disclose Sensitive Disclosure Material. Designated Persons shall be subject to the terms of this Order.

4. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, Defense Counsel, Defense Staff, Defense Experts/Advisors, and Other Authorized Persons are precluded, unless authorized by the Government in writing or by Order of the Court, from filing publicly as an attachment to a filing or excerpted within a filing, any of the Sensitive Disclosure Material or information contained in the Sensitive Disclosure Material. Any filings that incorporate the Sensitive Disclosure Material by attachment, contain any excerpts of Sensitive Disclosure Material, or incorporate Sensitive Disclosure Material by reference must be filed under seal. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

5. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

6. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. If disclosure material is provided to any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials.

7. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed disclosure material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

## Retention of Jurisdiction

8. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
Acting United States Attorney

by: _____          Date: _____November 19, 2020_____
Courtney L. Heavey
Assistant United States Attorney

_____          Date: _November 19, 2020_
Kerry Lawrence
Counsel for Fred Mastroianni

SO ORDERED:

Dated: White Plains, New York
       November 20, 2020

_____
THE HONORABLE PHILIP P. HALPERN
UNITED STATES DISTRICT JUDGE

5